[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
CT Page 10473
The plaintiff, Summit Bank, filed a request to revise the special defenses, recoupment claims, counterclaims and setoff claims of the defendants, Riverview East Associates, Inc., Jens Hermann, Theodore Kramer, Morton Brod, Ernest Arnow and Joel Singer (the defendants), and the defendants have objected thereto. "The purpose of the request to revise is to secure a statement of the material facts upon which the pleader is based. . . . The test is not whether the pleading discloses all that the adversary desires to know in aid of his own cause, but whether it discloses the material facts which constitute the cause of action. . . . Whether a more particular statement is required is largely within the discretion of the court. The request to revise may not be used as a substitute for discovery." (Citations omitted; internal quotation marks omitted.) Golino v. MacDonald, Superior Court, judicial district of New Haven at New Haven, Docket No. 269058 (October 30, 1990, Dorsey, J.).
In its first request to revise, the plaintiff seeks to revise the first special defense to "state whether the alleged Settlement Agreement is in writing, who on behalf of the Plaintiff entered into the Settlement Agreement, and the date the Settlement Agreement was made." "A request to revise is permissible to obtain information so that a defendant may intelligently plead and prepare his case for trial but it is never appropriate where the information sought is merely evidential. . . . The defendant is not entitled to know the plaintiff's proof but only what he claims as his cause of action." (Citation omitted; internal quotation marks omitted.) Wilder v. Brewer, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538573 (September 19, 1994,Mulcahy, J.) (9 Conn.L.Rptr. 1099). Here, the defendants give the plaintiff sufficient notice that the defendants allege a settlement agreement constitutes a special defense to the action. Accordingly, the court denies the plaintiff's first request to revise.
In its second request to revise, the plaintiff seeks to revise the recoupment claim into a counterclaim on the ground that a recoupment claim does not constitute an independent cause of action and may only be asserted as a counterclaim. "Recoupment is more properly filed as a special defense and not an independent action; it is essentially a CT Page 10474 defense. . . . [A] defendant should clearly claim recoupment by special defense, and caption its allegations `by way of recoupment only,' . . .". (Citations omitted; internal quotation marks omitted.) Vile v.Chamberlain, Superior Court, judicial district of New London at New London, Docket No. 542830 (July 1, 1999, Martin, J.). Here, the defendants captioned their recoupment defense with "by way of recoupment". Accordingly, the court denies the plaintiff's second request to revise.
In its third request to revise, the plaintiff seeks to revise the first counterclaim on the same ground it sought to revise the first special defense. Accordingly, the court denies the third request to revise for the reasons set forth in denying the first request to revise.
With respect to the remaining requests to revise, the plaintiff seeks to revise the first claim for setoff, second claim for setoff, third claim for setoff and forth claim for setoff to state the source of a liquidated obligation on the ground that a claim for setoff must be for a presently due and owing liquidated amount. Here, the defendants sufficiently specified the factual basis for their setoff claims. Moreover, the court will not address whether the setoff claims are legally sufficient. See McMaster v. High Ridge Oil Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148154 (January 21, 1997, D'Andrea, J.) ("`Claims regarding the legal sufficiency of the allegations . . . are more properly raised in a motion to strike rather than a request to revise.'"). Accordingly, the court denies the forth, fifth, sixth and seventh requests to revise.
In summary, the court denies the plaintiff's request to revise in its entirety and sustains the defendants' objection thereto.
HICKEY, J.